Donald York **EVANS;** John **Witherow,** Plaintiffs–Appellees,

v.

Lenard **VARE;** Rosemary **Seals;** Kelly **Balenger,** Defendants–Appellants.

Donald York **Evans;** John **Witherow,** Plaintiffs–Appellants,

v.

Lenard **Vare;** Rosemary **Seals;** Kelly **Balenger,** Defendants–Appellees.

Nos. 05–17406, 05–17409.

United States Court of Appeals, Ninth Circuit.

Argued June 13, 2006.

Resubmitted Sept. 27, 2006.

Filed Oct. 13, 2006.

Robert R. Hager, Esq., Hager & Hearne, Reno, NV, for Plaintiffs–Appellants.

Kelly S. Werth, Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and HOLLAND,* District Judge.

* The Honorable H. Russel Holland, Senior District Judge for the United States District Court for the District of Alaska, sitting by designation.

## MEMORANDUM **

Plaintiffs are a prison inmate (Witherow) and his lawyer (Evans) who correspond with each other. The question for decision is whether Evans has an unrestricted right to send material to Witherow and, if not, whether the district court's injunction is appropriately tailored.

Several aspects of this case are not disputed:

- Plaintiffs are not only lawyer and client, but also are personal friends of long standing.
- Additionally, the inmate formerly worked for the lawyer as a legal assistant. (It is disputed whether that business relationship continues today.)
- In his capacity as lawyer, Evans is entitled to send to Witherow "legal mail" insofar as it pertains directly to Witherow's own legal situation, whether a pending case or a bona fide effort to consider bringing a future case, such as letters discussing Witherow's legal claims and potential legal claims. The parties agree that Evans also may send to Witherow any regularly published court decisions, laws, and regulations.

The dispute between the parties concerns material that allegedly does not pertain to Witherow's own cases and unpublished documents that allegedly compromise privacy and security by identifying other individuals.

We need not reach the difficult questions regarding the standard of review to be applied to prison regulations that limit legal mail, because the contested portion of this case deals instead with a prison policy aimed at limiting non-legal mail, i.e., mail between two friends, one of whom happens

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to be the other's lawyer. To the extent that Evans and Witherow are corresponding about a common interest or hobby—which in this case is law, but could just as easily be chess or birdwatching—the prison may limit such correspondence if doing so is related to a legitimate penological interest. See *Johnson v. California,* 543 U.S. 499, 510, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005) (noting that prison regulations that restrict a prisoner's First Amendment rights are not unconstitutional if they are reasonably related to legitimate penological interests).

A relationship between friends is not privileged. A friend's mail does not enjoy Sixth Amendment protection or a presumption of confidentiality. The practical problem in this case is how Defendants may differentiate "legal mail" from a friend's letters. Plaintiffs' arguments that (a) any publicly available document (whether or not a published case) must be available to Witherow without redaction and (b) any communication from Evans must be presumed "legal mail," even in the face of a multi-faceted relationship, are not persuasive. *See United States v. Griffin,* 440 F.3d 1138, 1140–41 (9th Cir.2006) (recognizing that not all correspondence between a lawyer and a client are privileged, depending on whether the two have a personal relationship, separate and apart from the lawyer-client relationship), *cert. denied,* 2006 WL 2066670 (U.S. Oct.2, 2006) (No. 06–5434). So Plaintiffs' argument that the injunction is too restrictive is rejected.

Defendants argue that the injunction is not broad enough and should limit all public legal documents from Evans to Witherow in which Witherow's name does not appear or, at the very least, limit all identifying information of other people mentioned in the documents (such as social security numbers and addresses). In part, they argue that the restriction should be

expansive because Witherow is impermissibly engaged in a business relationship with Evans as a paralegal. Nev.Rev.Stat. § 209.4615.1(c). But the district court did not clearly err when it concluded that Defendants had failed to show that Witherow is presently engaged in a "business activity." *Id.* Moreover, whether or not a business relationship exists, the prison has a right to restrict mail between an inmate and a friend that could involve potential safety risks.

Accordingly, in view of the evidence of privacy and security concerns, we conclude that Defendants may examine mail from Evans to Witherow and that Evans must, with respect to documents that have not been published, redact the names, social security numbers, addresses and any other identifying information of other persons.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions. The parties shall bear their own costs on appeal.